Matter of the Probate of the Last Will and Testament of DE WITT
C. LAWRENCE, Deceased.

(Surrogate's Court, New York County, May, 1899.)

Will — Testamentary capacity.

   Where witnesses of good character testify to the testamentary
   capacity of a testator at the time when he executed his will on the
   9th day of May, the fact, that he became insane on or about the
   26th day of the following July and so remained until his death ten
   years later, does not afford proof that he was incompetent on the 9th
   day of May.

PROCEEDINGS upon probate of a will.

Butler, Notman, Joline & Mynderse, for proponents.

Henry W. Taft, for contestants.

VARNUM, S.  This case was tried before Mr. Surrogate Arnold,
but has since been submitted to me after an extended oral argument.
The testator executed his will May 9, 1887.  It was drawn by Mr.
William Allen Butler, in accordance with testator's instructions;
is entirely in Mr. Butler's handwriting and was executed in the
latter's presence, the subscribing witnesses being all connected with
Mr. Butler's office.  The only question raised in this contest is
whether or not the testator was of sound mind and had full tes-
tamentary capacity at the time the will was executed.  He was then
a widower, about fifty-seven years of age, and entered into a second
marriage at Geneva, Switzerland, on the 21st day of July, 1887,
and it is conceded that within five days thereafter he became vio-
lently insane, was confined in an asylum near Paris about the middle
of August, and after remaining there a number of weeks was
brought to New York, where his insanity was judicially estab-
lished and determined, and he was committed to the Middletown
State Asylum, his mental trouble being of the character known as
" melancholia."  His disease continued to develop so that it became
chronic and incurable, and lasted for about ten years, until he died
in the asylum in the spring of 1897.  I have carefully examined
the able, ingenious and exhaustive brief of the learned counsel for

the contestants and the testimony therein referred to, but I fail to find anything to convince me that there was more than what I shall call a reasonable possibility, based solely upon the testimony of the medical experts, that because he became insane at the end of July he may have been of unsound mind on May 9th, when the will was executed. On the contrary, the proof offered on behalf of the proponents, and the standing and character of the witnesses produced by them, satisfy me that the testator had full testamentary capacity and was of sound mind on the 9th day of May, when the will was executed. Submit decree admitting will to probate.

Decreed accordingly.